```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____09/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS A. MCDANIEL,

                                    Plaintiff,

            -against-

THE PEOPLE OF THE STATE OF NEW YORK ET
AL.

                                    Defendants.

1:19-cv-7680 (AJN) (KHP)

ORDER OF SERVICE

**KATHARINE H. PARKER, United States Magistrate Judge:**

It has been brought to the Court's attention that the Plaintiff's Second Amended

Complaint (ECF No. 14) has not been served on the two individual Defendants, Officers Nicholas

Evangelista and Julian Febres.  Because Plaintiff has been granted permission to proceed *in*

*forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect

service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d)

("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P.

4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to

proceed IFP).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that

the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff

is proceeding IFP and could not have served the summons and complaint until the Court

reviewed the complaint and ordered that summons be issued.  The Court therefore extends the

time to serve until 90 days after the date the summons is issued.  If the amended complaint is

not served within that time, Plaintiff should request an extension of time for service.  *See*

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to

request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir.

2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information

necessary to identify the defendant, the Marshals' failure to effect service automatically

constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

<u>**CONCLUSION**</u>

To allow Plaintiff to effect service on Defendants Evangelista and Febres through the U.S.

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is

further instructed to issue a summons and deliver to the Marshals Service all the paperwork

necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.  The Clerk of Court is directed to mail a copy of this

order to Plaintiff.

**SO ORDERED**.

Dated:  New York, New York
           September 23, 2020

**KATHARINE H. PARKER**
**United States Magistrate Judge**

**DEFENDANTS AND SERVICE ADDRESSES**

1. Police Officer Nicholas Evangelista, Shield No. 6026
   23rd Precinct
   164 East 102nd Street
   New York, N.Y. 10039

2. Police Officer Julian Febres, Shield No. 21740
   23rd Precinct
   164 East 102nd Street
   New York, N.Y. 10039