

```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
                                                              DOC #:_____
                                                              DATE FILED: 12/12/2020
```

**MEMO ENDORSED**

THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JESSICA CLAIRE ENGLE**
*Assistant Corporation Counsel*
Phone: (212) 356-0827
Fax: (212) 356-3509
Email: jengle@law.nyc.gov

December 11, 2020

**BY ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Curtis McDaniel v. City of New York et al.</u>, 19 Civ. 7680 (AJN) (KHP)

Your Honor:

      I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the above referenced matter. The City of New York, writing as an Interested Party, writes to respectfully request that the Court, *sua sponte*, (1) enlarge the defendants' time to respond to plaintiff's Second Amended Complaint ("SAC") until February 15, 2021, and (2) adjourn the initial conference scheduled for December 15, 2020 until after the defendants have responded to the SAC. As plaintiff is currently incarcerated, this Office was unable to obtain his consent to this request. This is the first request for an enlargement of defendant Evangelista's time to respond and the second request for defendant Febres, and the third request for an adjournment of the initial conference. However, this Office respectfully submits that plaintiff will not be prejudiced by these requests.

      By way of background, on January 22, 2020, plaintiff filed the SAC in this matter naming several defendants. <u>See</u> Civil Docket Sheet Entry No. 14. On February 14, 2020, the Court dismissed plaintiff's claims as to all defendants except New York City Police Department ("NYPD") Officers Nicholas Evangelista and Julian Febres. <u>See</u> Civil Docket Sheet Entry No. 17. Construing the SAC liberally, plaintiff appears to bring claims of false arrest and malicious prosecution against these two officers. <u>See</u> Civil Docket Sheet Entry No. 14.

      I.    <u>Enlargement of Defendant Febres's Time to Respond</u>

      On November 10, 2020, the Court, *sua sponte* and at the City's request, enlarged defendant Febres's time to respond to plaintiff's SAC until January 15, 2021 because plaintiff had not yet provided the release required for defendant to obtain records that had been sealed

pursuant to New York Criminal Procedure Law §160.50 ("§160.50"). See Civil Docket Sheet Entry No. 42. This Office has not received the completed release from plaintiff, despite forwarding him a blank release for his execution. This Office will immediately send plaintiff another §160.50 authorization form for his execution. However, this Office will not be in a position to respond to the SAC until after such time as plaintiff has provided a §160.50 release.

Accordingly, this Office respectfully requests that the Court *sua sponte* enlarge defendant Febres's time to respond to the SAC by an additional thirty (30) days, until February 15, 2021. Assuming plaintiff's prompt return of a Section 160.50 release, this will provide sufficient time for the relevant records to be provided to this Office before defendant Febres's response is due.

    II.    <u>Enlargement of Defendant Evangelista's Time to Respond</u>

According to the Civil Docket Sheet, defendant Evangelista was served with process on November 24, 2020. See Civil Docket Sheet Entry No. 43 (docket entry dated December 3, 2020). As the Court is aware, New York General Municipal Law Section 50-k ("GML §50-k") sets forth the circumstances under which this office may represent a City employee. GML §50- provides that "[t]he duty to defend . . . shall be conditioned upon (a) delivery to the corporation counsel at the office of the law department of the city . . . a copy of any summons, complaint, process, notice, demand or pleading within ten days after he is served with such document . . . ." N.Y. Gen. Mun. L. §50-k(4). GML §50-k also provides that this Office may only represent a City employee after making a determination regarding whether "any alleged act or omission . . . occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and [the employee] was not in violation of any rule or regulation of his agency at the time that the alleged act or omission occurred." N.Y. Gen. Mun. L. §50-k(2). Thus, this Office cannot make representation decisions until after an individual has been served with process, and after this Office has determined whether the alleged actions occurred within the scope of the employee's employment.

Because this Office only learned that defendant Evangelista had been served on December 3rd, a decision concerning his representation has not yet been made, nor could it have been given the requirements of GML §50-k. Given the time involved in determining the representation of defendant Evangelista, and because the same Section 160.50 issues discussed *supra* affect defendant Evangelista's ability to respond to the SAC, we ask that the Court, *sua sponte*, extend the time to answer on behalf of defendant Evangelista until February 15, 2021. Such an enlargement will allow this Office to resolve any representational issues pursuant to GML §50-k, and hopefully receive the aforementioned records provided plaintiff returns a Section 160.50 release. Additionally, the requested deadline will potentially allow the individual defendants to file a consolidated response to the SAC.

    III.    <u>Adjournment of Initial Conference</u>

Upon request of this Office, on June 26, 2020 and September 15, 2020, the Court adjourned the initial conference in this matter due to the absence of any served defendants. See Civil Docket Sheet Entry Nos. 30, 35.

Although the individual defendants have now been served, this Office respectfully requests an adjournment of the initial conference, scheduled for December 15, 2020, until after such time as the two defendants have filed their response to the SAC. At that point, this Office anticipates that the defendants will be able to meaningfully participate in a case management conference before the Court.

IV. Conclusion

In light of the foregoing, this Office respectfully requests that the Court *sua sponte* (1) enlarge defendant Febres and Evangelista's time to respond to the SAC to February 15, 2021, and (2) adjourn the initial conference currently scheduled for December 15, 2020 until after the individual defendants have responded to plaintiff's SAC, at a date and time convenient to the Court.

The City thanks the Court for its time and consideration.

Respectfully submitted,

*Jessica C. Engle* /S/
Jessica C. Engle
*Assistant Corporation Counsel*
*Special Federal Litigation*

cc: Curtis McDaniel
*Plaintiff Pro Se*
#20A0242
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY 12953

---

**Defendant's deadline to respond to the Second Amended Complaint is hereby extended to February 15, 2021. The Initial Case Management Telephone Conference scheduled for Tuesday, December 15, 2020 at 10:00 a.m. is hereby adjourned to Thursday, February 25, 2021 at 11:00 a.m. Counsel for the Defendants are directed to call the court's teleconference number with the Plaintiff on the line. Please dial (866) 434-5269, Access code: 4858267. The Attorney for the NYC Law Department is directed to notify the the Plaintiff through the Warden or other official at the Bare Hill Correctional Facility that this hearing has been rescheduled.**
**The Clerk of Court is requested to mail a copy of this endorsement to the Plaintiff.**

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

12/12/2020

- 3 -