USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURTIS McDANIEL,<br><br>                Plaintiff,<br><br>-against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK, et al,<br><br>                Defendants. | 1:19-CV-7680 (AJN) (KHP)<br><br>1:20-CV-0995 (AJN) (KHP)<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE CASES** |
| CURTIS McDANIEL,<br><br>                Plaintiff,<br><br>-against-<br><br>NYC FIRE DEPARTMENT, NYC POLICE DEPARTMENT, JOHN and JANE DOES 1-7, CITY OF NEW YORK,<br><br>                Defendants. | |

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff Curtis McDaniel has filed two actions in this court, both asserting claims stemming from a 911 call made on July 11, 2018. *See McDaniel v. NYC Fire Dept., et al.*, No. 20-cv-0995 (AJN) (KHP) (hereinafter, "McDaniels II"); *McDaniel v. The People of the State of New York*, No. 19-cv-7680 (AJN) (KHP) (hereinafter, "McDaniel I"). In both actions certain John Doe officers are named as defendants, as is New York City. In the 2019 action, Officers Julian Febres and Nicholas Evangelisa also are named. Neither complaint is a model of clarity. It appears that on July 11, 2018, McDaniel was coming home from the store and saw men outside of his building whom he believed to be confidential informants. He believed the men were

threatening him.  McDaniel went into his building to his apartment and placed a 911 call saying that there were men outside his building with weapons trying to attack him.  When the police arrived, they asked him to come down to the lobby and then arrested McDaniel, claiming that he had a weapon and had threatened someone.  He was charged with menacing with a weapon.

After he was arrested, he was strip searched by the police.   Police also searched his apartment.[1] The police later brought McDaniel to court to be arraigned.  McDaniel spent four days in jail before making bail.  He asserts that he was harassed in jail and was not able to feed his dog.  In both actions McDaniel asserts claims pursuant to 18 U.S.C. § 1983 for violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for unlawful search and conspiracy.  In the 2019 action, McDaniel also asserts claims of false arrest, malicious prosecution, negligent investigation, and intentional infliction of emotional distress, among other claims.

Defendants have moved to consolidate the actions.

## LEGAL STANDARD

Fed. R. Civ. P. 42(a) provides that consolidation is appropriate "[i]f actions before the court involve a common question of law or fact."  The standard for consolidation "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 Moore's Federal Practice § 42.10(1)(a) (3d ed. 1998).  Indeed, consolidation is appropriate "when there are common questions of law or fact to avoid unnecessary costs or delay," such as

---

[1] During the initial case management conference McDaniel stated that police searched his apartment on February 25, 2018 after a Life Alert alarm went off and purportedly directed police to his apartment.

suits that bring "virtually identical claims based on virtually identical factual allegations." *R.I. Laborers' Pension Fund v. FedEx. Corp.*, Nos. 19-cv-5990 (RA) & 19-cv-6183 (RA), 2019 U.S. Dist. LEXIS 180646, at *7 (S.D.N.Y. Oct. 18, 2019) (cleaned up).

Consolidation "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (cleaned up). "Indeed, if judicial resources will be conserved thereby advancing judicial economy, a district court will generally consolidate actions." *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-cv-3608 (VSB), 2019 WL 364570, at *3 (S.D.N.Y. Jan. 30, 2019) (cleaned up).

In deciding a motion to consolidate, courts consider:

> [W]hether the specific risks of prejudice and possible confusion that could arise from consolidation are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources the length of time require to conclude multiple suits as against a single one, and the relative expense to all concerned.

*Glavan v. Revolution Lighting Techs., Inc.*, Nos. 19-cv-980 (JPO), 19-cv-2308 (JPO), 19-cv-2722 (JPO), 2019 U.S. Dist. LEXIS 125960, at *6 (S.D.N.Y. July 29, 2019) (cleaned up). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions. *See, e.g.*, *Hayes v. Coughlin*, Nos. 87-cv-7401 (CES) & 89-cv-5498 (CES), 1991 U.S. Dist. LEXIS 10521, at *6 (S.D.N.Y. July 31, 1991); *see also* Order, *McNair v. City of New York*, No. 15-cv- 8915 (S.D.N.Y. Feb. 26, 2016), ECF No. 14. Finally, where consolidation is otherwise appropriate, "[t]hat certain defendants are named in only one or some of the complaints does not require a different result." *Pirelli Armstrong Tire Corp. Retiree*

*Med. Benefits Trust v. LaBranche & Co.*, Nos. 03-cv-8264 (RWS), 03-cv-8521 (RWS), 03-cv-8935 (RWS), 03-cv-9968 (RWS), 04-cv-2038 (RWS), 229 F.R.D. 395, 402 (S.D.N.Y. May 27, 2004) (collecting cases).

## DISCUSSION

Consolidation of McDaniel I and McDaniel II is appropriate because there are common questions of fact and law.  In both suits Plaintiff complains about actions taken by various state actors stemming from the July 11, 2018, 911 call.  In both cases, plaintiff is asserting violations of the Fourth, Fifth, and Fourteenth Amendments.  McDaniel II complains about an illegal search and conspiracy, claims that are also contained in McDaniel I.  Thus, discovery in McDaniel II will be duplicative of discovery in McDaniel I, as will motion practice.  Such duplication warrants consolidation of the cases to avoid inconsistent rulings, reduce expenses for all parties and expedite resolution of the claims.

## CONCLUSION

For all these reasons, the Motion to Consolidate (Nos. 19-cv-7680, ECF No. 48 & 20-cv-0995, ECFF No. 17) is GRANTED.  Pursuant to Fed. R. Civ. P. 42(a), cases Nos. 19-cv-7860 (AJN) (KHP) and 20-cv-995 (AJN) (KHP) are hereby consolidated for all purposes.  The consolidated action shall be captioned *"In re McDaniel Litigation,"* and the file shall be maintained under Master File No. 19-cv-7680.   All filings shall be done in the Master File unless related solely the 2020 action.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.**

**SO ORDERED**.

Dated: April 1, 2021
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

**The Clerk of Court is requested to mail a copy of this order to:**

Curtis McDaniel
DIN # 20-A-0242
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY 12953