UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CURTIS McDANIEL,<br><br>      Plaintiff,<br><br>-against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK, et al,<br><br>      Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 5/28/2021<br><br>1:19-CV-7680 (AJN) (KHP)<br>**ORDER OF SERVICE** |

CURTIS McDANIEL,

      Plaintiff,

-against-

NYC FIRE DEPARTMENT, NYC POLICE DEPARTMENT, JOHN and JANE DOES 1-7, CITY OF NEW YORK,

      Defendants.

**KATHARINE H. PARKER, United States Magistrate Judge:**

  The City of New York has identified Steven Rathjen as an officer involved in the February 25, 2019 incident described in the complaint in this case. (*See* ECF Nos. 11, 22.) Accordingly, his name shall be substituted for one of the John Doe officers identified in the complaint and the Clerk of Court shall add his name as a Defendant to the docket. Further, it is now appropriate for Plaintiff to effect service on this officer. Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to

proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the City identified the John Doe officer referenced in the initial complaint. Given the circumstances, the Court hereby extends the time to serve until 90 days after the date the summons, referenced below, is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)").

## Conclusion

To allow Plaintiff to effect service on Defendant Rathjen through the U.S. Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendant. The relevant service address to be used is included on page four below. The Clerk of the Court is instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant. Further, as noted above, the Clerk of the Court shall add the name of the officer as a Defendant on the docket. Finally, **the Court also respectfully requests that the Clerk of the Court send a copy of this Order to the pro se Plaintiff at his recently updated address.**

2

**SO ORDERED.**

Dated: May 28, 2021
         New York, New York

_____
Katharine H. Parker
United States Magistrate Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Police Officer Steven Rathjen, Retired
   New York City Police Department
   One Police Plaza
   New York, NY 10038