US District Court Southern District
of New York Civil Docket # 19-CV-7680
and 20-CV-0995 4th Amended Complaint

Plantiff
Curtis McDaniel

Against

Defendant
N. Evangelista, Julian Febres, Roxanna
Espinal, Judy Biondolillo, Christopher
Babell, Kelly William, Edwin Sanchez,
Steven Rathjen, John Doe, John Doe
John Doe NYC Police Department
NYC Fire Department

RECEIVED
SDNY PRO SE OFFICE
2021 OCT 14   PM 2:47

Defendant Information

1 Police Officer Nicholas Evangelista
New York City Police Department
1 Police Plaza New York, NY 10007

2 Police Officer Julian Febres
New York City Police Department
23rd Precinct 162 East 102nd Street
New York, NY 10029

2 Police Officer Christopher Babell
New York City Police Department
23rd Precinct 162 East 102nd Street
New York, NY 10029

4 Sergeant William Kelly
New York City Police Department
23rd Precinct New York Police Department
162 East 102nd Street New York, NY 10029

5 Police Officer Edwin Sanchez
New York City Police Department
23rd Precinct 162 East 102nd Street
New York, NY 10029

6 Police Officer Steven Bathjen

7. Police Officer Rosanna Espinal
New York City Police Department
23rd precinct 162 East 102nd street
New York, NY 10029

8. Sergeant Judy Biondolillo,
New York City Police Department
Housing Bureau P.S A #5
921 East 123rd street New York, NY 10035

9. Fire Department of NYC
John Doe 160 East 102 st
New York, N.Y 10029

10 Fire Department of NYC
John Doe 160 East 102 st
New York, N.Y. 10029

# Back Ground

On 07/11/18 I was arrested for meancing with a weapon by officer Evangelista Nicholas and Julian Febres, with five (5) other officers present. During the arrested my dog and keys were take by officer Rosanna Espinal and Judy Biondolillo. These two (2) officers put my dog away and illegal search my apartment. On 02/26/19 and 03/ /19 my apartment was broken into by the 23 precient and fire department both on 162 East 102nd Street New York, N.Y. 10029. On 02/25/19 officers said it was a life alert and on 03/ /19 officers said it was a court order.

Notic of claim was filled for the city and state for the break in and the arrest timely and describing the nature of the claim.

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: 160 East 105 ed St New York NY

Date(s) of occurrence: 07/11/18, 02/25/19, 03/ 119

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

The officers violated my 4th, 14th, and 5th amendments by repeatedly breaking in to my house to search it for any thing illegal and for illegal activities, with out due dilligence and due process. On July 11, 2018 I called the police to arrest 8 guyies outside my home with weapons officers called me to come down stairs I came down with my dog and was searched and arrested. My apartment was then searched as officers took my keys and dog up to my apartment closet doors were broken and things were turned over and stolen. The case made it to court but was dismissed due to speedy trial because prosecution was unabled to try the case with no information and or supporting deposition, or any probable cause because probable cause to arrested was made by my 911 call. furthermore

there was no grand Jury to establish
probable cause only a statement
from a 93 precent Confidential Informant
to which was 1 of the 8 with a
weapon outside my home. The case
was dismissed in my favor, showing an
illegal search and damage/stolen property
unlawfully. Next up there was no search
warrent to give probable cause search or
arrest. Moreover the exigent circumstances
evaporated due to the police negligence
to investigate but to conspire with (C.I)
and search my apartment, without any
due process No one was searched or
arrested with 9 people in and out side
the building but me who called 911.
    On February 25, 2019 Officers and the
fire department knowingly broke/smashed
in my door to get inside my apartment
hunting my dog that stood at the door barking
say you had a life alert signal. Numerous
time I called the police on my dealer
Confidential Informant that harrass me.
Officers know only I live in the apart-
ment with my father only. They than

broke, stole, and ransack my home
in an attempt to find illegal activities
of some sort and found nothing. I
called the police after making a
complaint that my dog was hurt
they came to my apartment again did
nothing, no report, complaint, or state
ment. The was no legal exigent
circumstances to justify a warrantless
entry with out due process. There was
no life Alert button in my home, the
build owners who operate with officers,
who operate with the fire department,
there build being attached to one another
conspired together and hit the life
alert button. This all happen while I
was at the barber shop getting a hair
cut. Once I returned home after
recieving a call from officers, who
obviously had my number and know
I live here, that they broke in. I
arrived at my home with the door
wide open my dog crying in the cage
and all my stuff moved around. Also

Things were broken, holes in my walls, glass in living room what ever door was pushed open chipted or pot holes in the wall, door frame was busted, lock was busted, Jest about half my closet was rearrainged with thing riped. There was no meaningful hearing as to the break in or any post remedy offered by the building or officer. I was informed of what to do at all and paid for every thing. I'm still unaware of any procedure to address a deprivation remedy after even researching for one.

Soon after court issue a warrant to get my dog and tried to search my house while I was arrested on March ___, 2019. They were supposed to get my dog so she went starve, and in the end it was all a attempt to search my home again looking for illegal activites or something to convict me on. This was the clear plot in all three events of illegal search of my property, abuse of power, abuse of process, due process claim violating my 4, 5, 14, amendments.

This was a Clear Abuse of Power and process conspiracy by using my dog after arresting me in building to take my key to search Also part of the client not sure my apartment to break in a search. All my 911 calls are evidence; 818 138 use of 911 with dog as evidence "Handling a criminal case in New York which can also undercut probable cause People v Tessy, 190 A.D. 2d 1064, 594 N.Y.S. 2d 1013 (4th Dept 1993)

INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

My dog was injured and there was a lot of damage to my property, my dog nose, lips, eye, holes in wall, door locks, phone frame, closet doors broken, shirts ripped, pants ripped, and Iphone missing.

VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

I'm asking for 400,000 compensatory, general, special, and punitive damages for pain and suffering of my dog for injuries. Also violation of my 4,5,14 amendment invading my property breaking in once and illegal searches without due process. More over conspiracy to creat exigent circumstances with none or exparte probable cause and no warrent. Furthmore my reputation, shock, and hemiliation, abuse of power and process.

Page 5

# Function Of Complaint

6    • Under Rules 3 and 4 purpose of complaint is to enable appropriate magistrate to determine whether probable cause required to support warrant exists; magistrate must judge for himself persuasiveness of facts relied upon by complaining officer to show probable cause, and should not accept without question complainant's mere conclusion that person whose arrest is sought has committed crime. Giordenello V. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503 (1958).

8    • Complaint must provide foundation for magistrate's neutral judgment that charges are not capricious and that resort to further criminal process is justified, and must provide answer to magistrates hypothetical question: What makes you think that the defendant committed the offenses charged?"

Jurisdiction

9    ◦ Jurisdiction mean the power or
competence of a court to try a case.

10    ◦ Jurisdiction of court and authority
of the Judge.

11    ◦ Jurisdiction over a particular matter
derives from the Jurisdiction of the
court, and is not dependent upon
the authority of the Judge.

12  The New York State Constitution
provides that Judges may be designated
to sit temporarily out of the court
of their original election or appointment.

13  As such, a Superior court Justice
sitting by designation in a local criminal

14  court. Conversely, a local criminal
court Judge sitting by designation
in a Superior court exercises the
authority of a Justice of the Superior

15  court. Such temporary assignment
can result in unusual modifications of

16  Judicial protocol. In one case, a Supreme
Court Justice sitting in the local

**17** criminal court signed a search warrant. Subsequently the Justice court, a local criminal court, invalidated the search warrant and granted the defendants motion to **18** suppress evidence. The fact that a Supreme Justice court had signed the warrant did not enhance the jurisdiction of the local criminal court in which the Justice temporarily sat.

Claim against Charlotte E. Davidson
Ann D. Thompson A. Drysdale

19    " Jurisdiction The Judges are not
even appointed or elected by the state
to reside over my criminal cases at
all, half of them are sitting permanitly
20    on a temporary seat. Also they don't have
the right to infrate, dismiss, enter orders,
21    Judgements, or decision. Also the have
illegally intiated indictments, had no
grand Jury held, and the entire proceeding
is illegal.
22    Charlotte E. Davidson intiated the
arraignment by allowing prosecution to
proceed with out and investigation of
23    the facts or the witness credability. Also
the proceed neglicted due process entirely.
24    A. Drysdale resided over my case allowing
the A.D.A. to proceed with only a statement
from an informant, no supporting
disposition, witness being a no show, and
have a bail imposed other than R.O.R.
25    Furthermore I was prosecuted out of
my speedy trial 30.30 motion.
26    Ann D. Thompson dismissed the case

by way of speedy trial provision and she is not appionted or elected to do so, in a temporary seat permanity. This is clearly acting out of the scope of duties, which is mainly protecting my rights under the constatution of New York State. Most of all the entire proceeding was illegal and it has violated my $1^{4th}$, 5th, 8th, and 6th amendments. I was not given due process of law.

## Damages Against the Judges

I asking for $3,000,000 in punitive damages from the clear cut malic of the Judges illegally residing over my prosecution. Because, their initiation, prosecution out of my speedy trial statue, indictment, motion order and decision, and ultimity dismissal with out given due process, hold a temporary seat while not being appionted/elected filed with the secatary of state. The case was governed out side of their cheif Judges watchful eye and the

administrative Judge scope of duties,
with out any pleminary hearings.

33  Prosecution was allowed to do a
multitude of these malisious acts
(disregaurd for my constitution rights)
with a constent lack of due process.

Claims against A.D.A Breen Lauren

**34** Bad faith exercise of prosecutorial discretion in investigation > Color of state law requirement > Negligent prosecutorial ties Investigation > Probable Cause > Bail

**35** The badfaith exercised with out the standards of proof in each element of the charges and the probable cause for the arrest / lack of probable

**36** cause. Also the mere act of filing, or "Swearing out", a criminal complaint is insufficient to establish the color of

**37** law requirement. The fact that the A.D.A was negligent in investigating my 911 call which would have gave way/ probable cause to arresting the complainative and 8 other people that surrounded my

**38** building and chased me in it. Further more the prosecution had to probable cause to even file a complaint base of lack of evidence, 911 calls, and no show informant informant (C.I.).

**39** This all gave way to an exccecessive bail which should have been ROR in

**40** an attempt to hold me. More over I was prosecuted out of my 180.80 and

**41** 30.30 statues. I was denied speedy trial and never signed a grand jury wavier because there was no grand jury.

**42** I wasn't given the right to ever speak at all.

**43** My 8th, 14th 5th, and 4th Amendments were violated because I was given an excessive bail, I was not secure in my person an arrest, and not given due process of law.

**44** If prosecutors "were acting within the scope of their office or employment, the I.T.C.A. explicitly bars... Claims of false imprisonment and false arrest... "but there was no decision whether alleged fabrication of evidence, perjury, and suppression of exculpatory evidence occurred during the investigative

**45** stage. A defamation claim arising out of a press conference and press release was absolutely immunized.(931-932) But use of false information to file charges was not immunized.(932-933)

Damages against A.D.A Breen Lauren

**46**    I'm asking for $500,000 in punitive
damages and compensatory damages for
the himilation and emotion distress, loss
**47** of reputation, lack of decertion. Acting
out of scope of duties for filing charges
**48** with false information. Further more
me being provions is also out side the
scope of duties

49  V. District Court found that there
was some doubt that claimed
break-ins and rapes involving the same
complaining witness actually occurred.

50  The information may be indefinite
or vague or may be received from

51  an unreliable source. If all the
information that the officer receives
is hearsay, some personal investig-
ation that the officer conduct may

52  be necessary. The weaker the information,
the greater the need to investigate
facts that are otherwise readily

53  obtainable. Older cases adhering to
traditional notions of probable cause
require reevaluation in light of
Illinois V. Gates.

Probable Cause: Burden of Proof

54  Most courts hold that all warrantless
arrests are presumed to be false and
that the existence of probable cause
is an affirmative defense to be pleaded

55  and proved by the defendant. Plaintiff
has burden of proof if arrest occurred

56 in public place. But see noel V. King
county, 48 wash. App. 227, 738 P.2d
692 (1987), interpreting wash. Rev. Code
§ 10.31.100.

57      My 5th and 14th Amendment were
violated because I wasn't given due
process of tate law, enabling me
to go to the grand jury and be indicted

58 based on tactical evidence. Furthermore
there was no hearing to present
evidence of probable cause for the
prosecution and loss of my liberty

Malicious Prosecution > Negligent
Investigation > Probable Cause > Due
Process > Dismissal Speedy Trial
Provisions

59    Probable cause to arrest exists
if there is a sufficient quantum of
fact to permit an officer to reason-
ably believe that it is more likely
than not that a particular person
60 committed an offense. There may be
other facts known or readily apparent
to the officer, however, which in
favor of the person to be arrested.
61 The question that arises in such
situations is whether the officer must
weigh any competing information
which may dilute probable cause or
which may call for further investigation.
62 Some courts seem to favor requiring
further investigation if probable cause
exists in theory, but the officer has
reason to believe that the information
he has received that is untrue and can
63 readily verify it. This, in essence, is the
federal standard (see § 8A.02 [1] [a]).

64. I was arraigned and given a excessive bail to be remanded with

65. out any Due Process. There was no grand jury to present any evidence.

66. or information. The DD5 was fasle from a 911 call based off the officers negligent investigation to investigate

67. the scene or the 911 call. McGhee V. Pottawattamie County, 547 F.3d 922, 929-931 (8th Cir 2008), cert granted, 556 U.S. 1181, 129 S. Ct. 2002, 173 L. Ed. 2d 1083 (2009) and cert. dismissed,
555 U.S. 1103, 130 S. Ct. 1047, 175 L. Ed. 2d

68. 641 (2010) (931-932) Use of false information to file charges was not immunized. (932-933)
Archie V. City of Racine, 847 F. 2d

69. 1211 (7th Cir. 1988) (en banc). Fourteenth Amendment due process claim require intentional or reckless ("Complete

70. indifference to risk"). "Recklessness is a proxy for intent and gross negligence is not.

71. The 911 call was intentionally not investigated because one of the victims was an informent and officers on the scene under cover were paid off.

72 I placed the 911 call saying that
8 men are outside my building
and they tried to attack me with
73 weapons. The police arrived and
74 arrested me. The said I had a
weapon and threatened the victim.
75 The was no probable cause for the
police to arrested
76     Due process is necessary where a
recognized liberty interest is present.
77 Receipt of notice, some kind of hearing,
and a decision supported by at least
some evidence appears to the minimum
78 requirement. Although the Supreme
courts decision in Albright V. Oliver
found that there was no substantive
due process right to be free from
prosecution without probable cause,
this badly fractured decision did little
to clarify the nature of constitutional
tort claims for malicious prosecution.
79     Thus my 5th, 8th, 14th Amendment
were violated because I was offered
no Due Process of Law, enabling hearings,
or grandjury and to be indicted based
on factual evidence.

Damages Malicious Prosecution Claim >
Due Process > Negligent Investigation >
Denial of Speedy Trial

80    I'm asking for $100,000 in
compensatory damages and $300,000
in punitive damages because of trans
postation, lawyers fees, mental anguish
lost of wages, loss consortium, inconven-
ience, loss of enjoyment of life, loss
of opportunity, increased living expenses.

81  Also the clear recklessness of court
action, violation of my rights, lack
there of due process, and reckless
malic to prosecute after victim said
lies and filed charges than was a no

82  show. More over there was no probable
cause to arrest; Penal Law § 140.10 arrest
without a warrant; by polic officer
when and where authorized subdivision.

Negligent False Arrest Claim > Probable
Cause > Negligent Investigation

83    The was a 911 call for 8 people
outside my house trying to attack
me, the police came and arrested
me instead of all the boys outside.

84    In circumstances where a law
enforcement officer has grounds for
an arrest for a particular arrest, it is
irrelevant that he believed he had
grounds to arrest for a different

85    offense. However, a pretextual
arrest, an arrest ostensibly for one
purpose but actually for another
purpose is unreasonable under the
Fourth amendment

86    • A grand Jury refusal to indict
demonstrates an absence of probable
cause.

87    Where warrant requirement are applicable
a warrantles arrest will be unconstit-
utional giving rise to a cause of a
action under §1983 regardless of the.
reasonableness of the officers action
with out probable cause.

88 After I was arrested I was striped searched 4 times, 2 time in 2 diferent precients and 2 time in central bookings.

89 Strip searchs of misdemeanants waiting on bail and arraingment absent of any belief that the plaintiff is dangerious and its discriminatory when male detainees under similar circumstances are not searched is a cause of action

Damages for Equal Protection Clause
Claim > Negligent False Arrest Claim >
Probable Cause > Negligent Investigation

90    I'm asking for 290,000 in
compesatory and punitive damages for
shock, Inconvenience, mental anguish,
less enjoyment of life, loss of opportunity,
Strip search s, loss of reputation, pain and
suffering, discrimination due to my gender,
or sexual orientation. More over there
was any investigation which could lead
to any probable cause. Also the fact
91    that the arrest was lead by my lawyer
and prosecution in another jurisdiction
from the 911 call and situation, after
officer made light that the victim
victim didn't want to press charges/
prosecute with servar mental health
issues.
92    My 14th, 8th, 5th Amendments were
violeted with no discretion for my
reputation or any of my rights at
all
93    Dumas V. City of New Orleans, 803 80.
2d 1001, 1003-1005 11 a. Ct. (App. 2001)

Torts > Intentional > Intentional
Infliction of Emotional Distress > Elements

**94** An individual is liable for intentional
infliction of emotional distress when he,
by extreme and outrageous conduct and
without privilege, cause severe emotional
distress to another.

**95** To make out a claim for intentional
infliction of emotional distress under law,
a claimant must prove (1) that the defend
ant intended to inflict emotional distress
or that he knew or should have known
that emotional distress was the likely
result of his conduct; (2) that the conduct
was extreme and outrageous, was beyond
all possible bounds of decency and was
utterly intolerable in a civilized community
; (3) that the actions of the defendant
were the cause of the plaintiff distress;
and (4) that the emotional distress
sustained by the plaintiff was severe
and of a nature that no reasonable
man could be expected to endure it.

**96** A finding of extreme and outrageous
conduct may be grounded either on
actual knowledge or on a defendant's

deliberate disregard of a substantial
probability that his actions will produce
severe emotional distress

97    Claims for intentional infliction of
emotional distress may be founded on
a pattern of misconduct.

98    The basis for the claim involves if the
conduct involves an element of Judgment
or choice for the actor, so as long as the
conduct was discretionary in nature, and
for court to ascertain if it was susceptible

99 to policy-related analysis. It is elementary
that discretionary function exception
does not immunize court or prosecution
from liability under federal statute or
regulation or constitution constitution.

100    The facts that at court I was
deemed gay, by the prosecutor calling the
victim a transgender lover and she
was a room-mate, has subjected me
and my reputation in a homosexual
light Inducing many phobias and mental

101 anguish. Also the level of consortium from
court having me arrested and remanded
to get a high rate of conviction on my
felony case which is now dismissed.

102    Furthermore me stating that my dog had to starve for days and the confinds of my liberty in a dirty and violent place filled with ill mentally and physically inmates deserves non economic money damages.

103    More over the fact that the entire proceeding was illegal, and with probable cause and any due process at fall just to arrest and have me detain on the charge because of court failing to convict me on another felony charge gave me so much emotion stress, post stramatic stress/Depression/anger/mental distress.

104    My 8th Amendment was violated based on my right not to be subject to cruel and unusual punishment.

105    Delchamps, Inc V. Bryant, 738 So. 2d 824, 836-837 (Ala. 1999). A $400,000 compensatory damages award for emotional distress was excessive under Kmart V. Kyles, 723 So. 2d 572 (Ala. 1998), where insufficient evidence of distress was adduced and remittitur to $100,000 was ordered.

Intentional Emotional Distress
Damages

106    I'm asking for $400,000 in compens-
atory and Punitive damages from
se Komophobic, posttraumatic stress, mental
anguish, depression, shock, humiliation, loss
of enjoyment, damage to my reputation,
and inconvenience of the Officers, prosecutors,
107  and court as a whole. The mention of
arrest and prosecution brings schizophrenic
thoughts because I was arrested
multiple time with out probable cause
and a clear disregard for my right,
as if everyones out to get me.

## False Imprisonment Claim > Imposition of bail

108. I spent 4 day imprisoned being call a homosexual and/or woman beater furthermore bail put me back on my sent $500 ch cash/1500 bond. Also I was held in a cold cell which make no sence because I was summer time, I was dirty the bathroom

109. smelled and looked crazy. I did not consent to the confinment because I did not know what I was arrested for untill 2 days which

110. was when I seen the Judge. Than I spent 2 days going through the Manhattan court intake which is once you get remanded, while I waited for my bail to go through,

111. I have strick hours on a budget and those four day including the

112. bail set me back. My 5th and 12th and 18th Amendments where violated on 2 searches.

113. Also My Dog was left for 4 day with out any food or water for her

114 she was 3 year old. This was

115 a very emotional process and Courts clearly didn't care than at all. Show

116 different effects on my felony case because broke it to save her in march 25, 2019 impanded her and she is not missing. This all again violates

117 my 8th amendment, because a excessive bail was imposed

118    Peterson V. county of Nassau, 995 F. Supp. 305, 315-324 (E.D.N.Y. 1998)

119 applying New York law. A $160,000 damages award to each plaintiff was ordered excessive and a remittur to $15,000 was ordered where detention was short, no formal charges were brought, no physical injury occurred, and the police were

120 not overbearing. The case contains a detailed analysis of relevant New York damages awards

Damages for false Imprisonment
Claim XI Imposition of bail

121        I'm asking for $20,000 compensatory damages and 100,000 punitive damages for loss of enjoyment of life, shock, loss of opportunity, Inconvenience, loss of consortium, mental anguish, loss of wages, pain and suffering, misconduct of court, clear disregard for my rights, sarvation and mental anguish of my animal, and Domestic Services

Abuse of Process Claim > Charging
Decision

122  Abuse of process is a variant of malicious
prosecution which requires:

123  1. Actual intentional or reckless misuse
of validly issued process for an ulterior
or improper motive irrelevant to the alleged
purpose of securing process; and
2. Actual damage to the plaintiff

124  I was arrested at court that labeled
me fleeing from the law but I was

125  clearly at every court dated after the
incident. My lawyer had me arrested by
detectives because I wasn't taking any
plea bargains and me and court lost
respect for one another on a felony
case I was fighting since 2015 - 2019.

126  I was arrested without being told why
and then beaten by officer Befor arraignment.

127  I was humiliated and given a bad reputation
by having court report on one side that
the victim was a transgender and than
a woman; labeling me a woman beater

128  the entire process was all ulterior motives
including the excessive bail, to have me

beaten up in Jail, held in detention facilities on a felony charge, that I was on bail for to get a higher rate/higher success rate of conviction. Also it asham that all the charges on both cases have been dismissed, with no investigation, probable cause to arrest, prove each element of the charges, or any evidence proving my guilt.

## Charging Decision

130      The courts will intervene albeit rarely if counsel can establish that his client is the victim of "selective" or "discriminatory" prosecution or is the target of prosecutorial "vindictiveness."

131 As with other remedies for prosecution improprieties, the remedies discussed herein must be viewed in light of their fundamental limitation - Judicial reluctance

132 to utilize or enforce them. In United states v. Stein, 435 F. Supp. 2d 330 (S.D.N.Y. 2006), the district court granted the defendant's motion to dismiss the indictment to the extent that the defen- dants' fifth and sixth Amendment

right to a fair trial and councel

**133** were violated. I was given a fair
trial because my rights to speedy
trial was denied and my lawyer
and prosecutor had me arrested
out of court, at an appearance

**134** for a felony charge. My lawyer
was reasigned after ther arrest
after I paid so much money to
represent me.

**135**     My 5th and 14th Amendment were
violated because I wasn't given due
process of law, enabling me to go to the
grand jury and indicted on anything
other than alterior moties to get a
higher & sucess of rate of conviction
on another case that was a felony.

# Damage for Abuse Of Process

**136**    I'm asking for $150,000 in compensatory and punitive damages, because of the alterior motives to file charges and remand me on a high bail to hold me to get a high rate of success on a felony conviction **137** in another cases. Thus the clear lack of due process and an excessive bail shows the malicious intent of court. The fact **138** that there was ap lack of probable cause with out a hearing even a lack of probable cause to charge each count with out key element based on factual **139** statement of evidence available. The malic of court and total disregard for my rights, and the clear alterior motives to get a high success rate of conviction, by remanding me. This **140** should warrent a high punitive damages considering intentional mental anguish, loss of enjoyment of life, and inconvenience.

## Malicious Prosecution as a Constitutional Tort

141  A constitutional claim of malicious prosecution cannot be brought on substantive due
142  process grounds Fourth Amendment claims required meaningful deprivation of liberty after commencement of prosecution as well as satisfaction of common law elements
143  of the tort. Claims to a fair trial rights where negligence, falsified evidence, and perjury that has led to an indictment, has
144  be recognized. The badly fractured Supreme court decision in Albrights V. Oliver 8 agreed on one major proposition: There was no substantive due process right to be free from criminal prosecution
145  except upon probable cause. In Sykes V Anderson held that probable cause was absent for arrest and prosecution.
146  Investigating officers influenced the decision to prosecut and knowingly false investigative materials were turned over to the
147  prosecutor. The United States Supreme Court in Manuel V. City of Joliet largely adopted its position by holding that not only an arreste based solely on police fabricated

evidence violated the Fourth Amendment, but that later detention based on misleading the magistrate ("even beyond the start of legal process") also constituted a Fourth Amendment violation.

## Elements of Constitutional Tort

**148** Most of the cases upholding a cause of action, as noted, involve something more than merely the absence of probable cause and presence of (ill-defined) malice.

**149** Franks claims, Brady withholding of exculpatory evidence situations, condonation of perjury, retaliatory motive, all implicate questions of abuse of power.

## Proximate Cause

**150** Early cases holding that police prevarications and omissions were not the proximate cause of a prosecution once a judge or magistrate intervened are no longer valid, and claims of malicious prosecution may not be ~~ever~~ defeated by a defense that defendant's acts were not the proximate

151   cause of plaintiff's loss. As noted in
Jones V. City of Chicago, deliberate
supplying of false information and
omission of material data to a prosecutor
which results in an indictment is action-
152   able. Defendants "cannot hide behind
the officials whom they have defrauded.

Immunity

153   Whether absolute witness immunity inures
to a police officer who is also a complaining
witness had divided the courts, prior to the
Supreme Court's abolition of the
distinction and great grant of absolute
154   immunity in Rehberg V. Paulk. Ironically,
the limits of Rehberg immunity are now
155   at issue. King V. Harwood held that
Rehberg immunity was inapplicable when (1)
a law enforcement officer, in the court
course of setting a prosecution in
motion, either knowingly or recklessly makes
false statements (as in affidavits or
investigative reports), or falsifies or
156   fabricates evidence (2) the false statements
and evidence (together with any concomit-
ant misleading omissions),

are material "[to prosecution] and (3)[they] do not consist solely on grand jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before grand jury)" rendering an indictment

**157** "rebuttable and not conclusive." An officer's actions of wrongly setting a prosecution in motion or falsifying or fabricating evidence may be material to the grand jury indictment even though they do not constitute testimony or related preparation for testimony.

**158** ○Despite the generous boundaries of absolute prosecutorial immunity (discussed in Appendix D[11]), it has been held that "highly unusual" prosecutorial investigative activity after police had declined to seek an indictment, including manufacturing evidence and false testimony was actionable where "the same person" fabricated evidence and then used it to enable prosecution during a conspiracy with with an influential private person

## Malicious Prosecution > Probable Cause > Quality of Information Received

**159** In most jurisdictions, the existence of probable cause is determined by the trial

**160** Judge as a question of Law. The supreme court of california held in Sheldon Appel Co. V. Albert and Oliker if the facts are not in dispute, the issue of probable cause is a matter of law.

**161** If there is a conflict as to what the facts are, the Judge is required to inform the Jury that if it finds one set of facts to be true, then probable cause exists, but if another set of facts is true, then probable cause is absent, again as a matter of law.

## Quality of Information Received

**162** When the nature of the information received requires that a prudent person investigate further prior to commencing a criminal prosecution, there is a lack of probable cause. Thus, Florey

Back Ground

On 07/11/18 I was arrested for meancing with a weapon by officer Evangelista Nicholas and Julian Febres, with five (5) other officers present. During the arrested my dog and key's were take by officer Rosanna Espinal and Judy Piendolillo. These two (2) officers put my dog away and illegal search my apartment. On 02/25/19 and 03/ /19 my apartment was broken into by the 23 precient and fire department both on 162 East 102nd Street New York, N.Y. 10029. On 02/25/19 officers said it was a life alert and on 03/ /19 officers said it was a court order.

Notic of claim was filled for the city and state for the break in and the arrest timely and describing the nature of the claim.

Bare Hill Correctional Facility
Caller Box 20, 181 Brand Road
Malone, New York 12953
Curtis McDaniel Din# 2040242

Legal Mail

Bare Hill

Correctional Facility

NEOPOST
10/12/2021
US POSTAGE $002.16

FIRST CLASS MAIL

ZIP 12953
041M11277530

Pro Se Intake
500 Pearl Street
New York, N.Y. 10007