UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MCDANIEL LITIGATION

20 Civ. 995 (KPF)
19 Civ. 7680 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On November 14, 2022, Defendants filed a pre-motion letter regarding their anticipated motion for summary judgment in this matter. (19 Civ. 7680 Dkt. #124; 20 Civ. 995 Dkt. #42). The Court then issued an order on November 28, 2022, providing Plaintiff with nearly a month to file a response, setting a pre-motion conference for January 5, 2023, and ordering then-incarcerated Plaintiff's production on that date. (19 Civ. 7680 Dkt. #125; 20 Civ. 995 Dkt. #43). Upon direction from the Court, the Clerk of Court mailed the November 28, 2022 Order to Plaintiff at Bare Hill Correctional Facility, where he resided. (*See* November 29, 2022 Minute Entry on Both Dockets).

On December 15, 2022, however, the Court received a letter from Plaintiff noting that he was released from custody on November 23, 2022, and now resides at an address in New York. (19 Civ. 7680 Dkt. #126; 20 Civ. 995 Dkt. #44). Upon receiving this letter, and out of concern that Plaintiff may not have received Defendants' pre-motion letter or the Court's subsequent order, the Court issued an order on December 28, 2022, giving Plaintiff until January 24, 2023, to respond to the pre-motion letter, and adjourning the conference to February 2, 2023. (19 Civ. 7680 Dkt. #127; 20 Civ. 995 Dkt. #45). In that Order, the Court directed the Clerk of Court to mail the Order to Plaintiff at his

new address, but the Order was never sent. Accordingly, when the Court held the scheduled pre-motion conference on February 2, 2023, Plaintiff failed to appear. (*See* February 2, 2023 Minute Entry on Both Dockets).

In an effort to resolve the issue and provide Plaintiff with a chance to be heard, the Court issued an order on February 2, 2023, directing the parties to appear for a second telephonic pre-motion conference on March 7, 2023, and directing Plaintiff to file a response to Defendants' pre-motion letter on or before February 28, 2023. (19 Civ. 7680 Dkt. #128; 20 Civ. 995 Dkt. #46). The Court directed the Clerk of Court to mail a copy of the order to Plaintiff at his address of record, which it did the following day. (*See* February 3, 2023 Minute Entry on Both Dockets). Plaintiff never filed a response to Defendants' pre-motion letter, and failed to appear for the second pre-motion conference held on March 7, 2023. (*See* March 7, 2023 Minute Entry on Both Dockets). As such, the Court issued an Order to Show Cause on March 7, 2023, directing Plaintiff to show cause, in writing, why his cases should not be dismissed for failure to prosecute and comply with Court orders by March 28, 2023. (19 Civ. 7680 Dkt. #133; 20 Civ. 995 Dkt. #51). Over one month after the deadline, Plaintiff has still not complied with that directive.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same

2

reasons). Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann* v. *Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nonetheless, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court considering should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

3

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  No single factor is dispositive.  *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

    The Court concludes that these factors weigh in favor of dismissal of these consolidated actions.  Plaintiff has consistently failed to comply with Court orders or prosecute this case over a period of many months.  This pattern of non-compliance has persisted despite the Court's continual attempts to work with Plaintiff and give him an opportunity to be heard, and its explicit notice to him that his failure to prosecute and comply with Court orders would result in dismissal.  (19 Civ. 7680 Dkt. #133; 20 Civ. 995 Dkt. #51).  Further, the Court has considered — and attempted to implement — less drastic sanctions in the form of warnings.  Despite that fact, Plaintiff has not communicated with the Court since December 15, 2022.  (19 Civ. 7680 Dkt. #126; 20 Civ 995 Dkt. #44).

    Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders.  *See Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order); *Djokovic* v. *U.S. Justice Dep't*, No. 07 Civ. 2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit

4

such a letter); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to: (i) file this Order on both dockets; (ii) mail a copy of this Order to Plaintiff at his address of record; and (iii) terminate all pending motions, adjourn all remaining dates, and close these consolidated cases.

SO ORDERED.

Dated: May 1, 2023
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

5